IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REV. DELL N. GRIFFIN, JR.; DEBRA ANNE ALGEO; and PATRICIA K. PARKER — PLAINTIFFS

v. Case No. 4:26-cv-04062

WILLIAM T. OLIVER; CATHY HARDIN-HARRISON; JOHN ROY MCNATT; JOHN DAN KEMP; ELIZABETH POTTER-BARRETT; CONNIE MITCHELL; GEORGE GOYNES, SR.; GEORGE GOYNES, JR.; TOMMY A. POTTER; DAVID J. POTTER; JESSICA STEEL GUNTER; KIRK DOUGLAS JOHNSON; WREN AUTREY; JEFFREY SAMS; MIKE SANDERS; CAROL DEVANEY; ROBIN; MARY PANKEY; PENNY GILCREASE; NICK NEWTON; SUMMER VICKNAIR; MIKE HUDDLESTON; BILLIE JEAN PRINE; THOMAS PRINE; TOMMY LYNN LOCK; BOBBY CARPENTER, III; CARL TEEL; RONNIE DANCER; KRISTEN ROBERTSON; CHUCK BLACK; GARY T. STANGA; BRENDA BEDSOLE RICKS; JEFFREY S. JOHNSON; JOHN WHITEHEAD; SHIRLEY WHITEHEAD; WHITEHEAD TIMBER CO., TRI-STATE TIMBER CO. — DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 8. Upon review, Judge Singleton recommended that Plaintiff's Emergency Application for a Temporary Restraining Order and Preliminary Injunctive Relief pursuant to Federal Rule of Civil

Procedure 65(b) (ECF No. 2) be denied.[1] Plaintiff filed a timely Objection to the R&R. ECF No. 11.

In his Motion, Plaintiff Griffin first requests the Court to issue a "federal freeze" order enjoining the July 31, 2026 finalization of Judgment of Possession in a probate matter in Tangipahoa Parish, Louisiana. ECF No. 2, at 3. Judge Singleton recommended that the request be denied, reasoning that such deadline has expired, and the request is now moot.[2] ECF. No. 8, at 4. In Plaintiff's Objection to the R&R, Plaintiff explains he encountered filing difficulties but fails to address the issue of mootness. ECF No. 11, at 3-6.

Next, Plaintiff complains of an "arrest trap" where Judge Tommy Potter has issued an illegal state-wide bench warrant for Plaintiff's arrest. ECF No. 2, at 3-4. Plaintiff requests that the Court stay and quash said bench warrant. ECF No. 2, at 3-4. Judge Singleton recommended that the request be denied, reasoning that such relief is unavailable as a matter of law. ECF No. 8, at 4; see 42 U.S.C. § 1983 (limiting injunctive relief against judicial officers when taken in the officer's judicial capacity). In Plaintiff's Objection to the R&R, Plaintiff argues that judicial immunity is stripped when a judicial officer acts outside of their judicial capacity. ECF No. 11, at 7. However, Plaintiff does not provide a factual basis in support of this contention.

Third, Plaintiff seeks an order enjoining Defendants from maintaining "illegal spite fences" across public right-of-way of Westmoreland Lane. ECF No. 2, at 4. Plaintiff argues the right-of-

[1] As explained by Judge Singleton in the R&R, only Plaintiff Griffin signed the instant Motion for injunctive relief. ECF No. 2. Plaintiff's Algeo and Parker did not join in the Motion. There is no indication that Plaintiff Griffin is a licensed attorney admitted to practice before this Court. While Plaintiff Griffin may represent himself as a nonlawyer in this Court, he may not represent others. See Jones ex rel. Jones v. Corr. Med. Servs., 401 F.3d 950, 952 (8th Cir. 2005). Further, Federal Rules of Civil Procedure require all documents to be signed by either one attorney of record in the case or by the party, if they are representing themselves. Fed. R. Civ. P. 11(a). As a result, the Court will presume the non-signing Plaintiffs did not join in the Motion

[2] Plaintiff may proceed in challenging such probate order, but it can no longer be enjoined.

way of Westmoreland Lane is protected under the supreme authority of original unsevered "Presidential Land Patents No. 111233(Taft)." ECF No. 2, at 4. Judge Singleton recommended that the request be denied, finding that Plaintiff had not alleged that the fencing on the subject land will cause Plaintiff irreparable harm if not removed immediately. ECF No. 8, at 4. Failure to show irreparable harm is an "independently sufficient basis" to deny a temporary restraining order or preliminary injunction. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). In Plaintiff's Objection to the R&R, Plaintiff still fails to present an adequate showing of immediate and irreparable harm if the fencing is not removed immediately. ECF No. 11, at 7–8.

Finally, Plaintiff seeks a grant of "emergency individual leave to conduct all future filings electronically via CM/ECF to preserve the physical safety of the parties." ECF No. 2, at 4. Judge Singleton provided that he would address the issue by separate order since Plaintiff filed a separate motion on the issue. ECF No. 8, at 5. In Plaintiff's Objection to the R&R, Plaintiff ignores Judge Singleton's statement and contests the merits of the issue.[3] ECF No. 11, at 9–10.

Even giving the objection a liberal construction, Plaintiff has not put forth specific objections to Judge Singleton's reasoning. See U.S. v. Sellner, 773 F.3d 927, 932 (8th Cir. 2014) (noting that pro se filings must be liberally construed). Thus, the Court need only review the R&R for clear error. See Thompson v. Nix, 897 F.2d 356, 358-59 (8th Cir. 1990) (noting that an objection to a magistrate's R&R must be timely and specific to require a de novo review of the R&R).

[3] Prior to Plaintiff filing this Objection (ECF No. 11) on August 20, Judge Singleton denied Plaintiff's Motion for Leave to Conduct Electronic Case Filing Privileges (ECF No. 7). Plaintiff has disregarded both the Order (ECF No. 7) and the R&R (ECF. No. 8, at 5) in a continued attempt to argue the merits of this issue within the Objection (ECF. No. 11, at 9–10). Plaintiff has since filed an appeal (ECF No. 12) with the Court challenging Judge Singleton's Order (ECF No. 7) ruling on the issue.

Upon review, finding no clear error on the face of the record and that Judge Singleton's reasoning is sound, the Court adopts the R&R (ECF No. 8) in its entirety. Accordingly, Plaintiff's Emergency Application for a Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 2) is hereby **DENIED**.

**IT IS SO ORDERED**, this 15th day of September, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge